FILED
APR 25 2014
[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| EARL DAVID DOWTY, | * | CIV 13-3022-RAL |
| Petitioner, | * | |
| vs. | * | OPINION AND ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS AND DENYING § 2255 MOTION |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

Petitioner Earl David Dowty filed this pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on July 5, 2013. Doc. 1. Dowty is in federal custody having pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), on May 18, 2011. United States v. Dowty, CR 11-30026-RAL, Doc. 26. On August 16, 2011, this Court sentenced Dowty to 120 months of imprisonment, with supervised release of three years thereafter and responsibility for restitution and a special assessment. CR 11-30026-RAL, Doc. 38. Dowty timely appealed his sentence to the United States Court of Appeals for the Eighth Circuit, which dismissed his appeal "based upon his valid and enforceable waiver of his appellate rights." United States v. Dowty, 490 F. App'x 828, 829 (8th Cir. 2012) (per curiam). The Eighth Circuit entered judgment on October 26, 2012. CR 11-30026, Doc. 51. Dowty did not file a petition for a writ of certiorari to the United States Supreme Court. Doc. 1.

Now before the Court is Dowty's § 2255 petition, which raises the following grounds for relief: (1) conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea; (2) conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure;

and (3) denial of effective assistance of counsel. Doc. 1. In the same petition, Dowty also alleges that this Court lacked jurisdiction over his underlying criminal action. Doc. 1 at 6.

On December 13, 2013, the Court screened Dowty's petition and ordered the Government to file an answer, motion, or other response. Doc. 12. The Government filed a motion to dismiss on January 10, 2013. Doc. 16. Dowty has since filed seven submissions. Docs. 17–23. Having considered the arguments in this matter, this Court grants the Government's motion to dismiss and denies Dowty's § 2255 petition for relief.

I.     **Summary of Facts**[1]

On March 15, 2011, Dowty was indicted on two counts of being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), in the first of three federal indictments of Dowty. CR 11-30026-RAL, Doc. 1. At the time of his initial appearance in that case, Dowty was already in federal custody on a criminal complaint charging him with Possession of a Stolen Firearm and being a Felon in Possession of a Firearm. CR 11-30008-RAL, Doc. 3.

Dowty entered into a plea agreement. CR 11-30026-RAL, Docs. 22, 26.[2] In exchange for Dowty pleading guilty to Count II of the Indictment in CR 11-30026-RAL, the Government agreed to dismiss Count I of the same Indictment, as well as the charges pending against Dowty in CR

---

[1] The Court takes judicial notice under Rule 201 of the Federal Rules of Evidence of the entire file in United States v. Dowty, CR 11-30008-RAL, United States v. Dowty, CR 11-30026-RAL, and United States v. Dowty, CR 11-30027-RAL. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts contemplates that "the record of prior proceedings" be considered.

[2] On April 5, 2011, Dowty consented to the joinder of three criminal matters pending against him in federal court. CR 11-30026-RAL, Doc. 18. Because Dowty's criminal matters were joined, all references to Dowty's underlying criminal case will heretofore be references to United States v. Dowty, CR 11-30026-RAL. When this Opinion and Order cites to documents from the underlying criminal case, "CR Doc." will be used followed by the appropriate CM/ECF document number.

11-30008-RAL and CR 11-30027-RAL.³ CR Doc. 22. As part of the Plea Agreement, Dowty signed a Factual Basis Statement. CR Doc. 24. In pertinent part, the Factual Basis Statement stated:

> On or about the 24th day of November, 2010, in the District of South Dakota, Earl D. Dowty, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess and receive a firearm, to wit: a Remington Game Master Model 760, serial number S9161 (hereinafter "the firearm"), which firearm had been shipped and transported in interstate commerce and foreign commerce, in violation of 18 U.S.C. § 922(g)(1).
> On or about August 20, 2004, the Defendant was convicted of attempted aggravated assault, a crime of violence, in Fall River County, and sentenced to four years incarceration at the South Dakota State Penitentiary. On or about the 24th day of November, 2010, Defendant, a convicted felon, did knowingly possess the firearm while in Rosebud, Todd County, South Dakota. Defendant pawned the firearm for $50.00 at Pro Pawn, in Mission, South Dakota, with a due date of December 23, 2010, and signed his name to the pawn ticket. Defendant did not return to retrieve the firearm. The firearm had been shipped and transported in interstate commerce, produced, and manufactured outside the state of South Dakota.

CR Doc. 24.

On May 18, 2011, this Court held a change of plea hearing in Dowty's case. CR Doc. 26. At the outset of that hearing, Dowty took an oath to answer all questions truthfully and confirmed his understanding that failure to do so could result in subsequent prosecution. CR Doc. 46 at 3–4. The Court then asked Dowty whether he was satisfied with the representation he had received from his attorneys, and Dowty replied, "Yes." CR. Doc. 46 at 5. In response to further questioning, Dowty also indicated that he had ample opportunity to talk with his attorneys about the charges

---

³ On March 15, 2011, Dowty was indicted on one count of Fraud in Connection with an Access Device in violation of 18 U.S.C. § 1029(a)(5). CR 11-30027-RAL, Doc. 1.

against him and how he should respond to those charges. CR. Doc. 46 at 5–6.

Next, this Court posed a series of questions to determine whether Dowty was competent to change his plea, and to ensure that such plea was being entered into knowingly and voluntarily. CR Doc. 46 at 4–11. After concluding that Dowty was competent to proceed with the change of plea hearing, this Court reviewed the nature of the charge to which Dowty was pleading guilty and informed Dowty of the maximum penalties associated with the relevant charge.[4] CR Doc. 46 at 8–9. Dowty confirmed his understanding of the maximum penalties and his awareness that he would be giving up certain rights upon pleading guilty to a felony charge, including his right to a jury trial. CR Doc. 46 at 9–11.

Before accepting Dowty's plea, this Court engaged in the following colloquy with Dowty:

> THE COURT: Did you carefully read and understand the Plea Agreement before signing it?
> THE DEFENDANT: Yes, I did.
> THE COURT: Did you go over the Plea Agreement with your attorneys before signing it?
> THE DEFENDANT: Yes.
> THE COURT: Was there anything left out of the Plea Agreement that you thought was going to be part of it?
> THE DEFENDANT: No, sir.
> . . .
> THE COURT: Did you carefully read and understand the Factual Basis Statement before signing that document?
> THE DEFENDANT: Yes, I did.
> THE COURT: Did you go over the Factual Basis Statement with your attorneys before signing it?
> THE DEFENDANT: Yes.
> . . .
> THE COURT: . . . Is the Factual Basis Statement accurate in what it sets forth?

---

[4] More specifically, this Court reviewed the maximum custody term, maximum fine, supervised release, restitution, and special assessment associated with the charge to which Dowty was pleading guilty. CR Doc. 46 at 8–9.

> THE DEFENDANT: Yes, it is.
> THE COURT: The Court has just a few additional questions before it is ready to receive your change of plea. Mr. Dowty, has anyone threatened you or anyone else in any way to get you to plead guilty to Count II of the Indictment in 11-30026?
> THE DEFENDANT: No, Your Honor.
> THE COURT: Have any promises been made to get you to plead guilty, other than what's contained in the Plea Agreement?
> THE DEFENDANT: No.
> THE COURT: Has anyone promised you what sentence you would receive from the Court if you were to plead guilty to that count?
> THE DEFENDANT: No.
> THE COURT: If you were to enter a plea to that count today, would the plea be made voluntarily on your own part and on your own free will?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Have you had enough time to talk to your attorneys about your case and about what you should do here today?
> THE DEFENDANT: Yes.
> THE COURT: Are you fully satisfied with the counsel, advice, and representation provided to you by your attorneys?
> THE DEFENDANT: Yes, I am.

CR Doc. 46 at 14–16. This Court then concluded that Dowty was represented by competent counsel, was informed of his rights, understood his rights, understood the nature and the cause of the accusations against him, including the possible penalties, was competent, and was not acting under duress. CR Doc. 46 at 16. Dowty then entered a plea of guilty to being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). CR Doc. 46 at 17.

On August 15, 2011, this Court sentenced Dowty to 120 months of imprisonment in the custody of the Bureau of Prisons, followed by three years of supervised release. CR Doc. 46 at 20–22. In determining Dowty's sentence, the Court considered arguments submitted by the Government and Dowty's counsel, letters submitted by Dowty, the United States Sentencing Commission's Guidelines Manual, and the information contained in the Presentence Investigation

Report, to which Dowty did not object.[5]  CR Doc. 46 at 13–19.

Dowty appealed his sentence to the Eighth Circuit, arguing that (1) his sentence was procedurally improper and substantively unreasonable, and (2) this Court admitted evidence that was seized in violation of the Fourth Amendment and South Dakota law. CR Docs. 42, 52 at 2. On October 26, 2012, the Eighth Circuit granted the Government's motion to dismiss Dowty's appeal, finding that Dowty's appeal fell within the scope of a valid waiver of appellate rights in his plea agreement. CR Doc. 52.  Dowty did not petition for a writ of certiorari.

## II.   Discussion

Currently pending before this Court is Dowty's petition for relief pursuant to 28 U.S.C. § 2255. Pursuant to 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

When considering a § 2255 motion, the Court holds an evidentiary hearing "unless 'the motion and the files and the records of the case conclusively show that [the prisoner] is entitled to no relief.'" Holder v. United States, 721 F.3d 979, 993 (8th Cir. 2013) (quoting Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008)). "No hearing is required where the claim 'is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007) (quoting Shaw v. United States, 24 F.3d 1040,

---

[5] Dowty originally filed objections to the Presentence Investigation Report, but he withdrew those objections prior to the sentencing hearing. CR Doc. 46 at 4–5.

1043 (8th Cir. 1994)). Because the record conclusively demonstrates that Dowty is not entitled to relief, an evidentiary hearing is not necessary in this case. The Court will therefore proceed to the merits of Dowty's § 2255 motion.

Dowty raises the following grounds for relief in his § 2255 motion: (1) conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea; (2) conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure; (3) denial of effective assistance of counsel; and (4) lack of subject matter jurisdiction. Doc. 1. Additionally, in supplements to his § 2255 motion, Dowty raises issues with the sufficiency of the indictment, the composition of the grand jury, and the validity of his arrest. Docs. 4, 6, 11.

### A.     Issues Not Cognizable under § 2255

Some of the claims raised by Dowty are not cognizable under § 2255. Most notably, "[c]ollateral proceedings under 28 U.S.C. § 2255 cannot be made to do service for an appeal." United States v. Ward, 55 F.3d 412, 413 (8th Cir. 1995) (citation omitted). "To the fullest extent possible, all arguments, even constitutional or jurisdictional ones . . . , should be made at trial and on direct appeal." Id. (citations omitted). To overcome this procedural bar, a petitioner must show cause for failing to raise the issue on direct appeal and prejudice from the claimed legal error. Id. In the instant case, Dowty has raised four issues in his § 2255 motion that he did not raise during sentencing or on appeal—subject matter jurisdiction, the sufficiency of the indictment, the composition of the grand jury, and the validity of his arrest. Because Dowty has not shown cause for his failure to raise these issues on direct appeal, the issues are procedurally barred. Even absent a procedural bar, however, the Eighth Circuit has recognized that pretrial matters such as the

sufficiency of an indictment, defects in the indictment, the composition of the grand jury, and the legality of an arrest are not cognizable under § 2255. Houser v. United States, 508 F.2d 509, 514 (8th Cir. 1974) (citations omitted). Accordingly, those arguments cannot support relief under § 2255 for Dowty.

Similarly noncognizable under § 2255 is "any matter which has been decided adversely to the petitioner upon direct appeal . . . ." Houser v. United States, 508 F.2d 509, 514–15 (8th Cir. 1974). As previously noted, Dowty appealed his sentence to the Eighth Circuit and specifically argued that (1) his sentence was procedurally improper and substantively unreasonable, and (2) this Court admitted evidence that was seized in violation of the Fourth Amendment and South Dakota law. CR Docs. 42, 52 at 2. The Eighth Circuit decided adversely to Dowty on these issues by concluding that he had executed a valid waiver of his appellate rights and thus could not challenge his sentence on the aforementioned grounds. CR Doc. 52. Moreover, the Eighth Circuit has indicated that particular trial and post-trial matters are not cognizable under § 2255. Such noncognizable matters include "claimed errors in evidentiary rulings," "[t]he assertion that a severer sentence than expected was received after a guilty plea[,]" and "a claim of an excessive sentence when the sentence imposed is within the statutory maximum." Houser, 508 F.2d at 515–16 (citations omitted). Here, the sentence Dowty received—120 months—is not beyond the statutory maximum for the offense to which he pleaded guilty. CR Doc. 40 at 18. The claims raised by Dowty on direct appeal and rejected by the Eighth Circuit cannot be grounds for relief under § 2255.

B.  **Ineffective Assistance of Counsel**

The only ground for possible § 2255 relief left for this Court to consider is Dowty's ineffective assistance of counsel claim. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. To establish that such performance prejudiced the defense, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Therefore, in the context of a guilty plea, a petitioner "must establish a reasonable probability that he would have exercised his right to trial but for counsel's ineffectiveness." Watson v United States, 682 F.3d 740, 745 (8th Cir. 2012) (citation omitted).

In his various filings, Dowty makes just two passing references to the performance of his criminal defense attorneys in the underlying criminal action.[6] See Docs. 8, 18. In one instance, Dowty asserts that "a failure to properly investigate the jurisdiction of the court in a criminal charge is a violation by the criminal defense attorney of the Sixth Amendment rights of a Defendant." Doc. 8 at 7. In a second submission, Dowty alleges that his attorneys, Doug Foshiem and Ron Volesky, coerced him into taking a deal and avoiding trial. Doc. 18 at 4. In short, Dowty believes that his attorneys provided ineffective assistance by not objecting to this Court's exercise

---

[6] Dowty references one of his attorneys—Ron Volesky—a third time in his "Memorandum Addendum to the Government's Answer and Their Motion to Dismiss." Doc. 17. In that instance, however, Dowty requests that the Court appoint Attorney Volesky to represent him in this § 2255 case. Doc. 17 at 4. This request undercuts Dowty's claim that Attorney Volesky was deficient in his representation during the underlying criminal case.

9

of jurisdiction and by coercing him into pleading guilty to one of the counts on which he was indicted.

With respect to Dowty's first argument—that his attorneys failed to object to this Court's exercise of jurisdiction—Dowty is not entitled to relief because this Court in fact had jurisdiction. Pursuant to 18 U.S.C. § 3231, "[t]he district courts of the United States . . . have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." As to the count on which Dowty pleaded guilty, the grand jury had indicted Dowty for violating 18 U.S.C. § 922(g)(1), a United States statute prohibiting an individual "who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year[,]" from possessing or receiving a firearm "which has been shipped and transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). Because Dowty was charged with violating the laws of the United States, this federal district court had statutory jurisdiction over the underlying count on which Dowty was convicted. United States v. Foster, 443 F.3d 978, 981 (8th Cir. 2006). Obviously, Dowty cannot demonstrate that he was prejudiced by the deficiency. If Dowty's attorneys had filed a motion to dismiss the indictment for want of subject matter jurisdiction, this Court would have denied the motion because, as discussed, this Court had statutory jurisdiction over Dowty's underlying criminal case. A motion to dismiss for lack of subject matter jurisdiction, in other words, would have been futile, and the Eighth Circuit has explicitly held that failure to file a futile motion does not constitute ineffective assistance of counsel. Hale v. Lockhart, 903 F.2d 545, 549–50 (8th Cir. 1990). Accordingly, Dowty is not entitled to relief under § 2255 on the ground that his attorneys failed to file a motion to dismiss the indictment.

With respect to Dowty's second argument—that his attorneys coerced him into "taking a

deal"—Dowty has not provided evidence to demonstrate any coercion. To the contrary, a review of the transcript from the change of plea hearing reveals that Dowty pleaded guilty of his own volition. CR Doc. 46 at 15–16. The extensive plea colloquy establishes that Dowty understood the charge to which he was pleading guilty and the consequences of his guilty plea. CR Doc. 46 at 7–15. Moreover, this Court twice asked Dowty whether he was satisfied with his representation, and each time Dowty responded in the affirmative. CR Doc. 46 at 5–6, 16. Dowty acknowledged voluntarily entering into and signing the plea agreement. CR Doc. 46 at 14–15. Dowty further acknowledged that his plea of guilty was voluntary and on his own free will. CR Doc. 46 at 15–16. Because Dowty has not provided evidence to refute the record of a knowing and voluntary plea, Dowty is not entitled to relief under § 2255 on the ground that his attorneys allegedly coerced him into pleading guilty.

Dowty's other motions and submissions do not change the outcome. This Court has considered those other motions and submissions.

### III. Conclusion

For the reasons contained herein, it is hereby

ORDERED that Dowty's motions seeking to submit additional materials, Docs. 4, 6, 7, are granted. It is further

ORDERED that the Government's motion to dismiss, Doc. 16, is granted. It is further

ORDERED that Dowty's motion to vacate, set aside, or correct sentence by a person in federal custody, Doc. 1, is denied, and that his motions seeking judgment and relief, Docs. 8, 19, are denied. It is further

ORDERED that no certificate of appealability under Rule 11(a) of the Rules Governing

Section 2255 Proceedings for the United States District Courts will issue. It is finally

ORDERED, ADJUDGED AND DECREED that Judgment of Dismissal in favor of the Government and against Dowty under Rules 54 and 58 of the Federal Rules of Civil Procedure hereby enters.

Dated April 24th, 2014.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE